IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Eric A. Addison,<br><br>       Plaintiff,<br><br>vs.<br><br>CMH Homes, Inc.,<br><br>       Defendant. | C/A No. 3:12-cv-0420-JFA<br><br><br><br>**Order** |

Eric A. Addision ("Plaintiff") has filed a lawsuit alleging race and gender discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as well as state law claims of wrongful termination in violation of public policy, breach of employment agreement, and negligence/gross negligence against CMH Homes, Inc. ("Defendant").

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1] Before the Magistrate Judge, both parties moved for summary judgment. ECF Nos. 73 and 74. These are the motions currently before this Court.

On August 5, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends that this court grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment. ECF No. 100. Plaintiff filed a statement of objection to the Report. ECF No. 102. Defendant filed a Response to Plaintiff's objections. ECF No. 103. Thus, this matter is ripe for the court's review.

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Parties must file with the clerk of court specific, written objections to the Report and Recommendation, if they wish the United States District Judge to consider them. Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. FED. R. CIV. P. 72(b); *See Wright v. Collins,* 766 F.2d 841, 845-47 nn .1-3 (4th Cir.1985); *United States v. Schronce,* 727 F.2d 91, 94 n. 4 (4th Cir.1984). If a party fails to properly object because the objections lack the requisite specificity, the court need not conduct a *de novo* review. *See Brooks v. James*, No. 2:10–2010–MBS, 2011 WL 4543994, at *2 (D.S.C. Sept. 30, 2011); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). Further, a *de novo* review of the Magistrate's Report is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal citation omitted); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

The Court is also not obligated to consider new arguments raised by a party for the first time in objections to the Magistrate's Report. *See, e.g., Doe v. Chao,* 306 F.3d 170, 183 (4th Cir.2002) (holding that the district judge has "the sound discretion" to decide whether to allow additional evidence in this situation); *Jimenez v. Barnhart,* 46 Fed. Appx. 684, 685 (3d Cir.2002) (citing *Laborers' Int'l Union of N.A. v. Foster Wheeler Corp.,* 26 F.3d 375, 398 (3d Cir.1994)) ("because Appellant raised the argument ... for the first time in her objections to the Magistrate Judge's Report and Recommendations, and not in her opening brief, we deem this argument waived."); *Santiago v. Canon U.S.A., Inc.,* 138 F.3d 1, 4 (1st Cir.1998) ("The district court is

under no obligation to discover or articulate new legal theories for a party challenging a report and recommendation issued by a magistrate judge."); *Borden v. Secretary of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987) ("Appellant was entitled to a *de novo* review by the district court of the [magistrate judge's] recommendations to which he objected, however he was not entitled to a *de novo* review of an argument never raised."); *Hemingway v. Speights*, 3:08-CV-00849-GRA, 2009 WL 302319, at *2 (D.S.C. Feb. 6, 2009) (citing *Greenhow v. Secretary of Health and Human Servs.,* 863 F.2d 633, 638 (9th Cir.1988)) ("The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.").

In the matter before this Court, a large majority of Plaintiff's objections merely restate, in many instances verbatim, the numerous arguments he advanced in his memos related to the cross motions for summary judgment. (*Compare* ECF No. 102, *with* ECF Nos. 74, 78, 82, and 97). Plaintiff fails to sufficiently identify the specific points of error in the Magistrate's legal analysis and in some instances only makes conclusory statements. Therefore, those objections are not sufficient to require a *de novo* review of the Report by this Court.[2]  Additionally, Plaintiff's objections that raise new theories of his case are not properly before this Court, and the Court declines to consider the merits of those arguments.[3]  Plaintiff's remaining objection is addressed below.

---

[2] The Court finds the following objections are recitations of previous arguments advanced by Plaintiff, not requiring *de novo* review. Objection number: 1, 2, 3, 4(a), 4(b), 4(c), 4(e), 4(f), 4(g), 4(h), 4(i), 5(a), 5(b), 5(c), 5(d), 6(b), 6(c), 7(a), 7(b), 7(c), 8, 9, 10(a), 10(b), 10(c), 11(a), 11(b), 11(c), 11(d), 11(e), 12(a), 12(b), 12(c), 12(d), 13(a), 13(b), 13(c), 13(d), 13(e), 13(f), 13(h), and 13(i). The Court finds the following objections are conclusory statements submitted by Plaintiff, not requiring *de novo* review. Objection number: 4, 5, 6, 6(a), 7, 10, 11, 12, and 13.
[3] The Court finds the following objections are new arguments asserted by Plaintiff, not requiring consideration by the Court. Objection number: 7(b) (to the extent this objection is not a

3

**I.     Analysis**

Plaintiff has one remaining objection to the Magistrate's Report, which he asserts pertains to the Report's conclusions related to his disparate treatment and discriminatory discharge causes of action.[4] The Report sets forth in detail all relevant case law for Plaintiff's causes of action, and the court incorporates such without recitation.

A.  **Objection 4(d)**

Plaintiff objects to the Magistrate's reliance "on portions of Plaintiff's deposition testimony @ 12 relating to legal questions as to responsibility of a home sale and existence of a contract with Defendant, even though Plaintiff's counsel timely objected to such legal questions and answers by Plaintiff." ECF No. 102 at 5.

"The broad scope of discovery is evident in Rule 26(b)(1) which provides that '(p)arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.' The Rule further states that '(i)t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.'" *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977). The United States Supreme Court has liberally construed the discovery rules allowing for greater access to information for all parties. "[T]he deposition-discovery rules are to be accorded a broad and liberal treatment . . . Mutual

---

restatement of a previous argument), 9 (to the extent this objection is not a restatement of a previous argument), and 13(g).

[4] Plaintiff has only asserted this objection as it relates to his disparate treatment and discriminatory discharge causes of action, despite the fact Plaintiff's deposition testimony regarding an employment contract was relied upon by the Magistrate in granting summary judgment to Defendant on Plaintiff's breach of employment agreement cause of action. *See* Report at 26. For purposes of thoroughly addressing the substance of Plaintiff's objection, the Court will evaluate both deposition excerpts.

4

knowledge of all the relevant facts gathered by both parties is essential to proper litigation. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

A lay witness is permitted "to offer an opinion on the basis of relevant historical or narrative facts that the witness has perceived." *Certain Underwriters at Lloyd's, London v. Sinkovich,* 232 F.3d 200, 203 (4th Cir.2000). Such testimony must be rooted in the personal knowledge of the witness and "must be based on the perception of the witness." United States v. Johnson, 617 F.3d 286, 292-93 (4th Cir. 2010). Lay witness opinion testimony may also be permitted when it is "helpful to clearly understanding the witness's testimony or to determining a fact in issue." FED. R. EVID. 701. Only when the opinion testimony "states a legal standard or draws a legal conclusion by applying law to the facts" is the opinion properly inadmissible. *United States v. Curry*, CRIM. WDQ-12-0163, 2013 WL 1120581 (D. Md. Mar. 15, 2013) (citing *United States v. McIver,* 470 F.3d 550, 562 (4th Cir.2006)).

*Home Sales*

Plaintiff's objection to testimony elicited during his deposition regarding responsibility for home sales relates specifically to the following exchange during his deposition: "[Question:] So, if it was out of your control, you think that the 1 should be deleted? [Answer:] If it's out of my - - if it's out of my control you should - - you shouldn't - - if the GM knows that he's the reason and knows about it, I mean, you shouldn't get thrown under the bus if it's out of your control. But, as a salesperson, you are responsible, because ultimately you sold the customers the house. I'm not going to overlook that. You are responsible." ECF No. 73-9 at 24.

Despite Plaintiff's counsel's assertion that an objection was lodged to this testimony, no such objection appears on the record. "[A]n objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the

5

deposition, or to any other aspect of the deposition – must be noted on the record." FED. R. CIV. P. 30(c)(2). Therefore, Plaintiff's basis for his objection now is improper. However, even if Plaintiff's counsel had properly objected during the deposition, Plaintiff's testimony was given in response to an open-ended question regarding his personal opinion. His testimony in no way seeks to opine on legal matters, and Defendant's counsel did not ask for such an analysis. Accordingly, the Magistrate did not err in relying on this testimony.

*Existence of a contract*

Plaintiff's objection to testimony elicited during his deposition regarding the existence of a contract with Defendant relates specifically to a portion of Plaintiff's deposition where he was asked by defense counsel, "What is your contract with CMH? What was it? Did you have a document? Did you have a contract with CMH?" Plaintiff was also asked, "Do you consider this [Berkshire Hathaway, Inc., Code of Business Conduct and Ethics] to be a contract between you and Berkshire Hathway? Does this guarantee that you're going to have a job?" ECF No. 73-9 at 3-5. Plaintiff's counsel objected on the record to these questions to the extent they "call for a legal conclusion." Id.

The nature of these questions demonstrate they are fact-based inquires related to the subject matter of the litigation. Plaintiff asserted a breach of employment agreement cause of action against Defendant. Defendant's counsel sought to uncover Plaintiff's knowledge and perceptions regarding whether an employment contract was ever entered into between the parties and whether he had a copy of any such agreement. It is evident the questions asked of Plaintiff regarding an employment contract did not seek legal conclusions; they merely sought information from Plaintiff regarding his personal knowledge of the existence of a contract. Therefore, the Magistrate did not err in relying on Plaintiff's deposition testimony.

Furthermore, as the Magistrate points out, even without reliance on Plaintiff's deposition testimony that a contract did not exist, the record is devoid of any evidence demonstrating that Plaintiff's employment with the Defendant was anything other than that of an at-will employee. Therefore, the Magistrate did not err in relying on this deposition testimony, and finding that Plaintiff's breach of employment agreement cause of action cannot lie as a matter of law.

**II.     Conclusion**

After a careful review of the record, of the applicable law, and of the Report and the objections thereto, this court finds the Magistrate Judge's recommendation is proper. Accordingly, the court adopts the Report and Recommendation of the Magistrate and hereby denies Plaintiff's motion for summary judgment and grants Defendant's motion for summary judgment.

IT IS SO ORDERED.

September 18, 2014                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

7